ROBERTSON, Justice:
Ludlow Corporation, appellee, sued Arkwright-Boston Manufacturers Mutual Insurance Company, appellant, in the Circuit Court of the First Judicial District of Harrison County, Mississippi, for damages sustained during Hurricane Camille to jute fiber and other products stored in four buildings at the Port of Gulfport. Appel-lee alleged that these damages were recoverable under the terms of its contract of insurance with appellant.
At the close of all the evidence, the appellant moved for a peremptory instruction as to the entire case. That motion was overruled. Arkwright then moved the court “to peremptorily instruct the Jury to find for the defendant as to: All of the Plaintiff’s product stored between the floor level and a line ten (10) feet above the floor level in SECTIONS #9, #10 and #11 and in the New or Transient Warehouse.”
The court orally sustained this motion late in the afternoon of December 2, 1970, basing its opinion on the ground that the appellee was conclusively bound by admissions made in its answers to interrogatories 23 and 24, which answers were made and filed prior to trial. The court then recessed the hearing until the next day.
On December 3, 1970, Ludlow, before any other instructions were considered or any order signed and entered on the Minutes, moved the court to grant it a voluntary non-suit without prejudice of the entire case. The court sustained the motion for a non-suit of the entire case, using this reasoning:
“In my opinion, the case was now in the same posture as if the Defendant had requested an instruction from the Court to the effect that the Jury could not return a verdict for — for that portion of the goods below a mark ten (10) feet above the floor level of the warehouse; now certainly if that were the case and the parties had begun to argue the case to the Jury, the Plaintiff then decided before the case was submitted to them for their consideration, before they retired, that he desired a Non-suit, then he would be entitled to that Non-suit as a matter of law.”
We think that the court’s reasoning was sound and that it was correct in sustaining the motion for a voluntary non-suit of the entire cause of action.
Section 1538, Mississippi Code 1942 Annotated (1956) provides:
“Every plaintiff desiring to suffer a nonsuit on trial shall be barred therefrom unless he do so before the jury retire to consider of its verdict.”
In this case the jury had not retired to consider of its verdict; it was not ready to retire. No doubt there would be other instructions submitted by appellant and ap-pellee to be considered and acted on by the trial judge; there were closing arguments to be made to the jury, before the judge would instruct them to retire and consider their verdict.
The partial peremptory instruction was in effect merely an instruction excluding certain testimony from the jury’s consideration. The main issue was still to be submitted to the jury, that is, the amount of damages suffered, even though the court *444 had indicated that it would limit the damages because of pre-trial admissions in the answers to interrogatories.
There might be merit in Appellee— Cross-Appellant’s other assignments of error, but in view of our holding that the motion for a voluntary non-suit of the entire cause of action was timely made and properly granted, we do not reach them.
The judgment of the Circuit Court is affirmed.
Affirmed.
RODGERS, P. J., and JONES, PATTERSON and INZER, TJ., concur.